CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**,<br><br>      Plaintiff,<br><br>   v.<br><br>**CV Wellness, LLC**, a California Limited Liability Company, dba The Authentic Cannabis,<br><br>      Defendant. | **Case No**.<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** American's With Disabilities Act; Unruh Civil Rights Act<br><br>**NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Andres Gomez ("Plaintiff") complains of CV Wellness, LLC, a California Limited Liability Company, dba The Authentic Cannabis ("Defendant"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff Talkback or similar software to navigate websites and applications on electronic devices.

1

Complaint

Plaintiff is legally blind[1] and cannot use an electronic device without assistance of screen-reader software ("SRS").

2.  Defendant CV Wellness, LLC, a California Limited Liability Company ("CV Wellness, LLC"), owned or operated The Authentic Cannabis located in Stanislaus County, California, in March 2021 and August 2021.

3.  Defendant CV Wellness, LLC owns or operates The Authentic Cannabis located in Stanislaus County, California, currently.

4.  Defendant CV Wellness, LLC owned or operated The Authentic Cannabis website, with a root domain of: https://theauthenticcannabis.com/, and all related domains, sub-domains and/or content contained within it, ("Website") in March 2021 and August 2021.

5.  Defendant CV Wellness, LLC, owns or operates The Authentic Cannabis website currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

---

[1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to refer to individuals, including himself, who meet the legal definition of blindness. (visual acuity of 20/200 or worse.) Some individuals who meet these criteria have no vision, others have limited vision.

Complaint

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

8.   This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant is subject to personal jurisdiction in this District due to its business contacts with the District, and a substantial portion of the complained of conduct occurred in this District.

**FACTUAL ALLEGATIONS:**

10. Plaintiff is a legally blind person and a member of a protected class under the ADA. Plaintiff is proficient with and uses SRS to access the internet and read internet content on computers and mobile devices.

11. Plaintiff cannot use a computer without the assistance of screen reader software. ("SRS").

12. CV Wellness, LLC operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments.

13. The Website is a nexus between CV Wellness, LLC customers and the terrestrial based privileges, goods or services offered by CV Wellness, LLC.

14. CV Wellness, LLC offers websites and digital booking as some of the facilities, privileges, and advantages offered by Defendants to patrons of the

3

Complaint

1    CV Wellness, LLC in connection with their patronage at the CV Wellness,
2    LLC.

3       15. Among the services offered include: details about the cannabis and the
4    CV Wellness, LLC itself, location and contact information; CV Wellness, LLC
5    policies; information about cannabis, deals and promotions without any
6    ambiguity as to the amenities that would be available to the patron.

7       16. Plaintiff was a prospective customer who wished to access Defendant's
8    goods and services of the CV Wellness, LLC.

9       17. Plaintiff visited the Website in March 2021 and August 2021 in search
10   of a cannabis dispensary to potentially visit this location to purchase cannabis
11   since we were in the California area and potentially wanted to go to Northern
12   California for this experience since I have family who lives in Northern
13   California.

14      18. When Plaintiff attempted to navigate the Website, Plaintiff encountered
15   numerous accessibility design faults that prevented him from navigating the
16   site successfully using SRS. Investigation into his experience revealed barriers,
17   including, but not limited to:

18              a.  Images on the website lack a text equivalent readable by
19                  SRS.
20              b.  The website contains inaccessible contents preventing the
21                  user to successfully navigate, understand and/or complete
22                  required input information.
23              c.  The website contains form elements that are not identified
24                  with functional text readable by SRS.
25              d.  The visualization of the webpage contains impermissibly
26                  low contrast enabling differentiation of background and
27                  foreground elements.

28      19. These inaccessible elements rendered the ostensibly "accessible"

Complaint

1  elements inaccessible as a result of difficulty and confusion navigating the
2  numerous inaccessible elements.

3     20. Currently, the defendants either fail to provide an accessible website or
4  Defendants have failed to maintain in working and useable conditions those
5  website features required to provide ready access to persons with disabilities.

6     21. Despite multiple attempts to access the Website using Plaintiff's
7  computer and mobile device, Plaintiff has been denied the full use and
8  enjoyment of the facilities, goods and services offered by Defendants as a
9  result of the accessibility barriers on the Website.

10    22. Plaintiff personally encountered accessibility barriers and has actual
11  knowledge of them.

12    23. By failing to provide an accessible website, the defendants denied
13  Plaintiff full and equal access to the facilities privileges or advantages offered
14  to their customers.

15    24. Plaintiff has been deterred from returning to the Website as a result of
16  these prior experiences.

17    25. The failure to provide accessible facilities created difficulty and
18  discomfort for the Plaintiff.

19    26. If the website had been constructed equally accessible to all individuals,
20  Plaintiff would have been able to navigate the Website and find information on
21  cannabis.

22    27. Additionally, Plaintiff is a tester in this litigation and seeks future
23  compliance with all federal and state laws. Plaintiff will return to the Website
24  to avail himself of its goods and/or services and to determine compliance with
25  the disability access laws once it is represented to him that the CV Wellness,
26  LLC and Website are accessible.

27    28. Plaintiff is currently deterred from doing so because of Plaintiff's
28  knowledge of the existing barriers and uncertainty about the existence of yet

Complaint

1  other barriers on the Website. If the barriers are not removed, Plaintiff will
2  face unlawful and discriminatory barriers again.

3      29. The barriers identified above violate easily accessible, well-established
4  industry standard guidelines for making websites accessible to people with
5  visual-impairments that use SRS to access websites. Given the prevalence of
6  websites that have implemented these standards and created accessible
7  websites, it is readily achievable to construct an accessible website without
8  undue burden on the CV Wellness, LLC or a fundamental alteration of the
9  purpose of the Website.

10     30. Compliance  with  W3C  Web  Content  Accessibility  Guidelines
11  ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a
12  standard that has been adopted by California courts for website accessibility.

13     31. It's been established that failure to remove these inaccessible conditions
14  violates the ADA and California law and requiring compliance with industry
15  access standards is a remedy available to the plaintiff.

16     32. The Website was intentionally designed, and based on information and
17  belief, it is the Defendants', policy and practice to deny Plaintiff access to the
18  Website, and as a result, denies the goods and services that are otherwise
19  available to patrons of the CV Wellness, LLC.

20     33. Due to the failure to construct and operate the website in line with
21  industry standards, Plaintiff has been denied equal access to Defendant's CV
22  Wellness, LLC and the various goods, services, privileges, opportunities and
23  benefits offered to the public by the CV Wellness, LLC.

24     34. Given the nature of the barriers and violations alleged herein, the
25  plaintiff alleges, on information and belief, that there are other violations and
26  barriers on the website, and/or at the CV Wellness, LLC, that relate to his
27  disability. In addition to the barriers he personally encountered, Plaintiff
28  intends to seek removal of all barriers on the Website that relate to his

Complaint

1  disability. See Doran v. 7-Eleven (9th Cir. 2008) 524 F.3d 1034 (holding that
2  once a plaintiff encounters one barrier, they can sue to have all barriers that
3  relate to their disability removed regardless of whether they personally
4  encountered the barrier).

5    35. Plaintiff will amend the complaint, to provide further notice regarding
6  the scope of the additional demanded remediation in the event additional
7  barriers are uncovered through discovery. However, please be on notice that
8  the plaintiff seeks to have all barriers related to his disability remedied.

9

10

11  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
12  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
13  Defendants.) (42 U.S.C. section 12101, et seq.)

14    36. Plaintiff re-pleads and incorporates by reference, as if fully set forth
15  again herein, the allegations contained in all prior paragraphs of this
16  complaint.   The CV Wellness, LLC is a public accommodation with the
17  definition of Title III of the ADA, 42 USC § 12181.

18    37. The website provided by the Defendant is a service, privilege or
19  advantage and extension of CV Wellness, LLC physical presence and
20  terrestrial services.

21    38. When a business provides services such as a website, it must provide an
22  accessible website.

23    39. Here, an accessible website has not been provided.  A failure to provide
24  an accessible website is unlawful discrimination against persons with
25  disabilities.

26    40. Under the ADA, it is an act of discrimination to fail to ensure that the
27  privileges, advantages, accommodations, facilities, goods and services of any
28  place of public accommodation is offered on a full and equal basis by anyone

Complaint

who owns, leases, or operates a place of public accommodation. See: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

41. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

42. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

44. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

45. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

Complaint

1   privileges, or services offered.

2   46. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

3   discomfort or embarrassment for the plaintiff, the defendants are also each

4   responsible for statutory damages, i.e., a civil penalty. Cal. Civ. Code §

5   55.56(a)-(c).

6   47. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights

7   set forth and incorporated therein, Plaintiff requests relief as set forth below.

8

9   **PRAYER**:

10

11   Wherefore, Plaintiff prays that this Court award damages and provide

12   relief as follows:

13   1. A Declaratory Judgment that at the commencement of this action

14   Defendants were in violation of the requirements of the ADA due to

15   Defendants' failures to take action to ensure that its Website was fully

16   accessible to and independently usable by blind and visually-impaired

17   individuals.

18   2. For equitable nominal damages for violation of civil rights. See

19   Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable

20   relief the Court finds appropriate.

21   3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction

22   enjoining Defendants from violating the ADA with respect to its Website.

23   4. Damages under the Unruh Civil Rights Act § 51[2], which provides for

24   actual damages and a statutory minimum of $4,000 for each offense.

25

26   _____

27   [2] Note: the plaintiff is not invoking section 55 of the California Civil Code and

28   is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

1    5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2    to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

3

4

5    Dated: November 17, 2021          CENTER FOR DISABILITY ACCESS

6

7

8                                     By: _____

9                                     Russell Handy, Esq.
                                      Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint