UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>CV WELLNESS, LLC,<br><br>          Defendant. | Case No.   1:21-cv-01667-DAD-EPG<br><br>ORDER FOR DEFENSE COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER TO ATTEND THE MANDATORY SCHEDULING CONFERENCE<br><br>(ECF No. 3) |

Plaintiff Andres Gomez filed this complaint on November 17, 2021, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act by Defendant CV Wellness, LLC. (ECF No. 1). As discussed below, because defense counsel, Attorney Ashley Davies, failed to appear at the mandatory scheduling conference, the Court will order counsel to show cause why the Court should not issue sanctions.

On November 18, 2021, the Court entered a scheduling order in this case, which set a mandatory scheduling conference for April 28, 2022, at 10:30 a.m., and allowed for telephonic appearances by counsel. (ECF No. 3). Further, the order warned as follows: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference . . . an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered." (*Id.* at 6). The order directed Plaintiff to serve a copy of this order, and Plaintiff filed a proof of service of the order (among

other documents) on January 20, 2022. (ECF No. 5).

On January 27, 2022, Attorney Davies, on behalf of Defendant, signed and filed a stipulated request to extend the time for Defendant to respond to the complaint. (ECF No. 6); *see* Local Rule 182(a)(2) (noting that an attorney enters an appearance by signing and filing an initial document). And, on February 8, 2022, Attorney Davies filed an answer on behalf of Defendant. (ECF No. 8). Lastly, on April 20, 2022, the parties filed a joint scheduling report that acknowledged the date and time of the conference.[1] (ECF No. 10).

The Court attempted to hold the conference on the date and time ordered. The Court, its staff, and Plaintiff's counsel Raymond Ballister were present telephonically. However, no attorney appeared on Defendant's behalf despite the record giving every indication that defense counsel should have been aware of the date and time of the scheduled conference. After waiting approximately five minutes, the Court ended the conference due to the failure to appear, noting that it would issue an order to show cause due to defense counsel's failure to appear. (*See* ECF No. 11).

Accordingly, IT IS ORDERED as follows:

1. Attorney Davies shall show cause why sanctions should not issue for counsel's failure to attend the conference as required by the Court's order (ECF No. 3);
2. Attorney Davies has until May 6, 2022, to file a written response explaining why counsel did not attend the conference;
3. After reviewing counsel's response, the Court will further consider whether sanctions are appropriate and determine whether to reschedule the mandatory scheduling conference.

IT IS SO ORDERED.

Dated:   **May 2, 2022**            /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] This report is signed by attorney Armand Antonyan on behalf of Defendant.

2