UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>                    Plaintiff,<br><br>    v.<br><br>CV WELLNESS, LLC,<br><br>                    Defendant. | Case No.  1:21-cv-01667-DAD-EPG<br><br>ORDER SETTING HEARING TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER TO ATTEND THE MANDATORY SCHEDULING CONFERENCE AND COURT ORDER TO RESPOND TO ORDER TO SHOW CAUSE<br><br>(ECF Nos. 3, 12) |

Plaintiff Andres Gomez filed this complaint on November 17, 2021, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act by Defendant CV Wellness, LLC. (ECF No. 1). As discussed below, because defense counsel, Attorney Ashley Davies, failed to appear at the mandatory scheduling conference and also failed to respond to the Court's subsequent order to show cause, the Court will set a hearing to show cause why the Court should not issue sanctions.

On November 18, 2021, the Court entered a scheduling order in this case, which set a mandatory scheduling conference for April 28, 2022, at 10:30 a.m., and allowed for telephonic appearances by counsel. (ECF No. 3). Further, the order warned as follows: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference . . . an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or

other appropriate judgment, may be imposed and/or ordered." (*Id.* at 6). The order directed Plaintiff to serve a copy of this order, and Plaintiff filed a proof of service of the order (among other documents) on January 20, 2022. (ECF No. 5).

On January 27, 2022, Attorney Davies, on behalf of Defendant, signed and filed a stipulated request to extend the time for Defendant to respond to the complaint. (ECF No. 6); *see* Local Rule 182(a)(2) (noting that an attorney enters an appearance by signing and filing an initial document). And, on February 8, 2022, Attorney Davies filed an answer on behalf of Defendant. (ECF No. 8). Lastly, on April 20, 2022, the parties filed a joint scheduling report that acknowledged the date and time of the conference.[1] (ECF No. 10).

The Court attempted to hold the conference on the date and time ordered. The Court, its staff, and Plaintiff's counsel, Raymond Ballister, were present telephonically. However, no attorney appeared on Defendant's behalf. After waiting approximately five minutes, the Court ended the conference due to the failure to appear, noting that it would issue an order to show cause due to defense counsel's failure to appear. (*See* ECF No. 11).

On May 2, 2022, the Court issued an order for Attorney Davies to show cause why sanctions should not issue for counsel's failure to attend the conference as required by the Court's order. (ECF No. 12). Although the order required a written response by May 6, 2022, explaining why counsel did not attend the conference, counsel has not filed a response. Given counsel's failure to attend the conference and failure to respond to the order to show cause, the Court will set a hearing to show cause why the Court should not issue sanctions.

Specifically, the parties should be prepared to discuss at the hearing whether sanctions, including Plaintiff's reasonable attorney fees and expenses for attending the scheduling conference and preparing for and participating in show cause proceedings, should not issue under Federal Rule of Civil Procedure 16(f),[2] which allows a court issue to impose sanctions due to an attorney's failure to appear at a scheduling conference or failure to obey a pretrial order.

Accordingly, IT IS ORDERED as follows:

---

[1] This report is signed by attorney Armand Antonyan on behalf of Defendant.
[2] The Court is not foreclosing the possibilities of issuing sanctions under a different Rule or statute.

1. The Clerk of Court is respectfully directed to mail a copy of this order and the Court's prior order to show cause (ECF No. 12) to the address listed on the docket for Attorney Davies;

2. A telephonic show cause hearing is set before the undersigned for June 29, 2022, at 11 a.m. Each party shall dial 1-(888) 251-2909 and enter access code 1024453 to participate in the hearing;

3. Attorney Davies is ordered to file a written response to this order, due no later than June 15, 2022, explaining why sanctions should not issue for counsel's failure to attend the conference as required by the Court's order and counsel's failure to respond to the prior order to show cause (ECF Nos. 3, 12);

4. At the hearing, both sides will have the opportunity to be heard as to whether sanctions should issue, with Plaintiff's counsel being able to submit information as to attorney fees and expenses incurred from attending the scheduling conference and for preparing for and participating in the show cause hearing;

5. If Attorney Davies fails to comply with this order or any future Court order, counsel is warned that the Court may consider additional sanctions.

IT IS SO ORDERED.

Dated:   **May 11, 2022**                       /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

3